**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
OCT 2 3 2014
Clerk, U.S. District and Bankruptcy Courts

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 14-CR-206 (RMC)** |
| v. | : | |
| **MARC SINGLETON** | : | |
| **Defendant.** | : | |

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America and the defendant, Marc Singleton, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty.

1. On June 10, 2014, a Metropolitan Police Department Detective, acting in an undercover capacity ("UC"), entered a chat room within a social network site in which users communicate with each other about a sexual interest in children.

2. That same day, at approximately 1:40 p.m. the UC met an individual later identified as the defendant Marc Val Singleton ("defendant") with the screen name "ecorfive" within the social network site. The UC engaged the defendant because the defendant had posted a message in the public forum of the "teen room," asking "anyone in D.C. area?" The UC responded, "I am in the D.C. area perv dad here. ASL?" The defendant responded, "Where in the D.C. area, I'm here for a conference in Bethesda."

3. The defendant and the UC immediately progressed into a discussion of a shared sexual interest in children. The UC explained that he was sexually active with his 8 year-old daughter. As the chat progressed the defendant wrote, "we should hang out."

4. The defendant and the UC then exchanged Yahoo Messenger screen names and began to communicate on Yahoo Instant Messenger. At approximately 1:53 p.m. the defendant wrote, "really hope we can meet," and the UC responded, "what are you looking to get into." The defendant responded, "anything fun . . . just us . . . or us and your dau or anything . . . I don't even need to touch her . . . just look and watch you too. . . unless of course she wants me too . . . or you want me too." The defendant responded, "I'm cool with that . . . I would be open to you playing with her but I would have limits for sure." The defendant wrote, "Sounds good. Even if we just have a beer . . . come to my hotel or me out to you?"

5. At approximately, 4:47 p.m., the defendant wrote, "still thinking you want to meet tomorrow?" The UC responded, "im cool with it I have will have [my daughter] tomorrow, so if you want to have a beer Thursday we can alone, I am comfortable with us playing with her but I certainly understand if she is too young or your not interested." The defendant responded, "I'm VERY interested . . . can I get to you on the subway." The defendant provided the meeting location in the District of Columbia and wrote, "I have to be honest I'm not looking for gay sex when we meet if that is a deal breaker." The defendant responded, "yeah me either . . . I much prefer girls . . . just like guys if they are pervy like me." The conversation again turned to the child and the defendant wrote, "she comfortable getting naked . . . does [your daughter] kiss good yet . . . would you mind if I kiss her . . . I want to see her naked body . . . maybe taste her . . . bet her pussy is tiny."

2

6. The defendant and the UC then discussed the logistics of a meeting and moved the meeting up one night. The defendant and the UC continued to correspond via email about logistics of the meeting as the defendant would not have Yahoo Messenger on his cell phone when he travelled.

7. On June 10, 2014, at approximately 7:30 p.m., the defendant met the UC at the agreed upon location in Washington, D.C. after taking the Metro from Bethesda, Maryland. The defendant approached the UC and introduced himself. The UC pointed to an apartment building and stated that he lived there. The UC stated that his ex-wife would be dropping his purported daughter off at the location. The defendant nodded in the affirmative. The defendant was arrested.

RONALD C. MACHEN JR.
United States Attorney
Bar No. 447889

BY: _____
Ari Redbord
Assistant United States Attorney
D.C. Bar: 476998
555 4th Street, N.W., Room 10-413
Washington, DC 20530
(202) 252-7018
ari.redbord@usdoj.gov

DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have discussed it with my attorney, Tony Miles, Esquire. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 10/23/14

_____
Marc Singleton
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 10/23/14

_____
Tony Miles
Attorney for Marc Singleton

4