AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MARC VAL SINGLETON | ) | Case Number: 14-cr-206 (RMC) |
| | ) | USM Number: 33388-016 |
| | ) | Tony W. Miles |
| | ) | Defendant's Attorney |

**FILED**
APR - 8 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of the Information on 11/12/2014.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct | | One |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/24/2015
Date of Imposition of Judgment

_Signature of Judge_

Rosemary M. Collyer,           U.S. District Judge
Name and Title of Judge

8 April 2015
Date

AO 245B (Rev 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: MARC VAL SINGLETON
CASE NUMBER: 14-cr-206 (RMC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Twelve (12) Months and One (1) on Count One.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed at a facility in or near Utah.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: MARC VAL SINGLETON
CASE NUMBER: 14-cr-206 (RMC)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
One Hundred Twenty (120) Months on Count One.

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable)*

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MARC VAL SINGLETON
CASE NUMBER: 14-cr-206 (RMC)

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall comply with the Sex Offender Registration requirements for convicted sex offenders in any state or jurisdiction where he resides, are employed, carry on a vocation, or are a student.

With the exception of his two biological children, the defendant shall have no unsupervised contact with minors under the age of 18, unless authorized by the United States Probation Office, of more than momentary duration, without the written consent of the United States Probation Office.

Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision.

The defendant shall identify all computer systems, internet capable devices, and similar memory and electronic devices to which he has access, and allow installation of a computer and internet monitoring program. The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and information about any business or finances in which he has a control or interest until his computer/internet search/monitoring condition is satisfied.

The defendant shall participate in a program of sex offender assessment and treatment, as directed by the United States Probation Office. At the direction of the United States Probation Office, the defendant shall pay for all or a portion of any treatment program. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the United States Probation Office to review his course of treatment and progress with the treatment provider(s).

The Court waives the requirement for mandatory drug testing, due to reliable information suggesting his low probability of future drug use.

The probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.

Pursuant to 18 USC § 3742, the defendant has a right to appeal the sentence imposed by this Court if the period of imprisonment is longer than the statutory maximum or the sentence departs upward from the applicable Sentencing Guideline range. If he chooses to appeal, he must file any appeal within 14 days after the Court enters judgment.

As defined in 28 USC § 2255, the defendant also has the right to challenge the conviction entered or sentence imposed if new and currently unavailable information becomes available to him or, on a claim that he received ineffective assistance of counsel in entering a plea of guilty to the offense(s) of conviction or in connection with sentencing.

If the defendant is unable to afford the cost of an appeal, he may request permission from the Court to file an appeal without cost to him.

DEFENDANT: MARC VAL SINGLETON
CASE NUMBER: 14-cr-206 (RMC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MARC VAL SINGLETON
CASE NUMBER: 14-cr-206 (RMC)

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

The special assessment is immediately payable to the Clerk of the Court for the US District Court, District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

DEFENDANT: MARC VAL SINGLETON
CASE NUMBER: 14-cr-206 (RMC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

  (1) one MacBook Pro (Serial #: C02M70K9FD59), and (2) one Apple iPhone 5 (Model No. A1428).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.